# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 19-10357
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PARKER STEPHEN LANE,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-266-1

—————

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Parker Stephen Lane pleaded guilty to one count of engaging in a fraudulent transaction with an access device and aiding and abetting, and one count of unauthorized use of means of identification. The district court varied above the advisory guideline range of 57 to 71 months and sentenced Lane to 96 months of imprisonment. Lane contends that his sentence was substantively unreasonable because it was based on a mistake in the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10357

presentence report, specifically a miscalculation of what his offense level would have been had an uncharged offense been considered relevant conduct.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). An above-guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Lane fails to establish that the district court based the sentence on the alternative offense level. The district court detailed multiple reasons for its upward variance, including Lane's criminal history and the severity of the offense. It did not mention the alternative offense level during the sentencing hearing or in its written statement of reasons. Because the record does not establish that the district court gave weight to an improper or irrelevant factor, Lane fails to show that his sentence was substantively unreasonable. *See Smith*, 440 F.3d at 708.

AFFIRMED.